# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

KATINA GREEN

VERSUS

RONALD BARBIER AND STATE
FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

DECEMBER 1, 2023

---

In Re: Ronald Barbier and State Farm Mutual Automobile Insurance Company, applying for supervisory writs, 23rd Judicial District Court, Parish of Ascension, No. 133287.

---

BEFORE: GUIDRY, C.J., CHUTZ, LANIER, HESTER AND GREENE, JJ.

**WRIT GRANTED.** The trial court erred by denying the exception of prescription filed by defendants, Ronald Barbier and State Farm Mutual Automobile Insurance Company. Plaintiff's petition alleges the accident in question occurred on February 11, 2021; however, defendants introduced evidence demonstrating the accident occurred on February 9, 2021. Once defendants offered evidence that established the petition was filed outside the applicable one-year prescriptive period, plaintiff then bore the burden of proving with competent evidence that prescription was interrupted or suspended. See **Gibson v. Jalou Cash's, LLC,** 2019-1308 (La. App. 1st Cir. 7/17/20), 308 So.3d 1188, 1192. The doctrine of *contra non valentem* will not exempt a plaintiff's claim from the running of prescription if her ignorance is attributable to her own willfulness or neglect; that is, a plaintiff will be deemed to know what she could have learned by reasonable diligence. **Alliance Hospitality, L.L.C. v. Esquivel,** 2020-0807 (La. App. 1st Cir. 2/24/21), 322 So.3d 253, 257. Courts refuse to apply the discovery rule when plaintiff's lack of diligence is the basis of her failure to assert a cause of action, and the facts giving rise to her cause of action are reasonably knowable within the prescriptive period. **Id.** Plaintiff, Katina Green, offered no evidence demonstrating that the facts giving rise to her cause of action were not reasonably knowable within the prescriptive period. Thus, plaintiff's petition filed on February 10, 2022, more than one year after the February 9, 2021 accident, is prescribed. Defendants' peremptory exception of prescription is granted, and plaintiff's claims against defendants, Ronald Barbier and State Farm Mutual Automobile Insurance Company, are dismissed.

WRC
WIL
CHH
HG

**GUIDRY, C.J.,** dissents and would deny the writ application. Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted. **Carter v. Haygood,** 2004-0646 (La. 1/19/05), 892 So.2d 1261, 1268. The jurisprudential doctrine of *contra non valentem*

recognizes that, in some circumstances, equity and justice require that prescription be suspended because the plaintiff is unable to exercise her cause of action when it accrues, for reasons outside her control. See **Alliance Hospitality, L.L.C. v. Esquivel**, 2020-0807 (La. App. 1st Cir. 2/24/21), 322 So.3d 253, 256. In those situations when the doctrine applies, the court is allowed to weigh the equitable nature of the circumstances in each individual case to determine whether prescription will be tolled. See **Id.** Considering the nature of the unique circumstances presented here, particularly the fact that the initial accident report bore the wrong date, I find the district court's application of the doctrine in this case and its denial of defendants' exception of prescription was reasonable and was not manifestly erroneous.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT